BINFORD ET AL V. BOARDMAN ET AL.

1. **Usury**: REDEMPTION OF COLLATERALS: INJUNCTION. Where loans of money upon collaterals are usurious, the borrower may maintain an action for the redemption of collaterals not necessary for the payment of the loans and may ask an injunction restraining the collection or indorsement of the collaterals.

2. **Practice**: TENDER: COSTS. In an equitable action wherein a willingness is averred to pay whatever is found due, an actual tender is not necessary to have been made to maintain the action. Under these circumstances the court may apportion the costs equitably.

*Appeal from Marshall District Court.*

WEDNESDAY, SEPTEMBER 20.

THIS is an action in equity in which plaintiffs claim that they borrowed money of defendant, Boardman, at different times at usurious rates, of interest, and for some of such loans deposited promissory notes as collateral security; that by the collection of said collaterals Boardman has received payment for most of said loans. An averment of tender as to the balance is made, and the prayer of the petition is that said loans be declared usurious and for the return of said collaterals or judgments for their value, if they cannot be returned.

The answer denies the alleged usury, alleging that the various transactions between the parties were purchases of promissory notes by Boardman of plaintiffs. The cause was referred; the report of the referee was modified by the court, and decree rendered against defendants, from which they appeal.

*Parker & Rice* and *Boardman & Williams,* for appellants.

*Henderson & Merriman* and *Caswell & Meeker* for appellees.

ROTHROCK, J.—As the disposition now made of the issues between the plaintiffs and the defendant, Boardman, disposes of the case, so far as the other defendants are concerned, it is

unnecessary to allude to their connection with it, and we will therefore omit mention of the issues raised between them and plaintiffs. The main question is as to the fact of usury, and the plaintiff's standing in the court below and in this court as to their right to maintain the action. All other questions are merely incidental. The plaintiffs sought to, and did, obtain an injunction prohibiting the collection or indorsement of the alleged collaterals. There was a motion to dissolve, which was overruled. There were motions to strike pleadings, and demurrers to the petition, which were all overruled; and, after the case was at issue, it was by consent referred to W. H. Seevers, now Chief Justice of this court, who heard it upon its merits and made a full and elaborate report, finding that the transactions between the parties were usurious, and recommending a decree for the delivery of the alleged collaterals upon payment by plaintiffs of $642.89. This report was modified by the court by fixing the amount necessary to redeem at the sum of $872.54.

The appellant has filed an abstract and the appellees have also filed an abstract made up largely of alleged corrections of appellant's abstract, and appellant rejoins with denials of the correctness of appellees' abstract. These, with the arguments, make a printed record of over three hundred pages, and the perusal thereof leaves the mind in as much doubt and uncertainty as to the facts established in the case as before taking it up. Under these circumstances we have been compelled to resort to the original record, including the depositions on which the case was submitted to the referee, and the court below. We have carefully examined all of the original testimony and the transcript in the case, involving as may well be imagined no little labor and time. Much of the evidence is wholly immaterial, and altogether there seems to have been an effort somewhere to make unnecessary cost. Complaint is made that the fee of $200 taxed for the referee is exorbitant. The reader of all these depositions would rather incline to the opinion that the compensation was exceedingly small. It is not alone in the matter of immaterial evidence that the case is encumbered, but there are many other motions,

affidavits and papers in the case, which were and can be of no possible advantage to either party. Notable among these is a paper containing two hundred and forty-one special interrogatories, submitted by defendant to the referee, to which answers were demanded. The referee was by law required to find the facts. This he did, and having done so, he properly declined to answer the interrogatories. Not content with this, defendant insisted that the court below should answer the special interrogatories, which was not done, and of this complaint is made. As the referee made a full report as to the law and facts, we fail to see why the court below should be required to make the findings more specific.

And now to the questions involved in the case. Without attempting a review of the evidence, which would neither be profitable to the parties, nor of interest to the profession, we will content ourselves with saying that in our opinion the evidence fairly establishes the usury as found by the referee and the court below. It is true that there is serious conflict, but we believe that, taking into consideration all the evidence, the situation of the parties, and the surrounding circumstances, including their acts subsequent to making the contracts, the fact of usury may be said to be established, not only as to the $360 note, but also as to the transactions which are claimed to be purchases of notes, with the privilege to plaintiffs to re-purchase in a time named thereafter. And the amount found by the court below to be legally due the defendant, we believe to be correct. This being found, we are aware of no law prohibiting the plaintiffs from maintaining this action to redeem the collaterals not necessary for the payment of the loans. The defendant in making collection of the collaterals was enforcing the usurious contracts and it was plaintiffs' right to enjoin and redeem, the same as formerly in case of usurious trust deeds a party might enjoin a sale of the land, setting up the usury, and have an account taken of the amount legally due.

A question is made as to the costs. The plaintiffs failed to tender an amount equal to the amount found due by the court. This being an equitable action, as the plaintiffs offered and

1. USURY: redemption of collaterals: injunction.

averred a willingness to pay whatever was found due, no actual tender was necessary in order to maintain the action. It is but a question of costs, and the Rev., Sec. 1791, under which these loans were made, provides that no costs shall be recovered by the party making the loan. The issues upon which the costs in this case amounting to a large sum were made, were the questions of fact as to usury, and they were mainly found for the plaintiffs. The referee found that the taxable costs of this action should be paid by defendant, Boardman, and the costs in the case of *Coxhead v. Binford*, and in the case against Coxhead on his notes should be paid by plaintiffs. The court below by its decree directed that plaintiffs should pay costs incurred upon the issues found against them, and defendant, Boardman, should pay all other costs now unadjudged. No taxation of costs has been made, and we might well remand this branch of the case with directions to tax costs in accordance with the decree, but that this case may have an end, and as it would be impossible for the clerk of the court below to make an accurate taxation under the decree, we make the following order as to costs: The plaintiffs to be taxed with $75, to be applied on costs of plaintiffs' depositions, and the defendant, Boardman, to be taxed with all the other costs of this suit; plaintiffs to be taxed with the costs of the cases of Coxhead, above alluded to; and no costs or attorney's fees are to be taxed against plaintiffs on account of any other suits brought by defendant, Boardman, on said collaterals. Our purpose is to tax costs as near as may be in accordance with the decree of the court below, and after a careful examination of the evidence, we think $75 will cover the amount of costs made on the claims or issues on which plaintiffs failed.

The decree of the court below is affirmed, and the cause remanded, that the costs may be taxed in accordance with this opinion.

AFFIRMED.

SEEVERS, CH. J., took no part in the determination of this case.