## VEEDER v. McMURRAY ET AL.

1. **Specific Performance**: CONTRACT TO CONVEY: ONE IN POSSESSION AGAINST SUBSEQUENT PURCHASER: NOTICE. Plaintiff contracted with M., who was an agent for the sale of the lands in question, for the purchase of the lands at four dollars per acre, and went into possession and made improvements under the contract, the understanding being that plaintiff should have a deed directly from the owners, or else that the agent should take a deed from them and convey to plaintiff at the same price. The agent procured a deed to himself, but afterwards conveyed to D. at an advance in price. *Held* that, since plaintiff was in possession when D. purchased, D. was charged with notice of plaintiff's rights, and that he was bound to convey to plaintiff on the terms of the contract which the latter had made with M.

2. ——: ——: TENDER AFTER A REFUSAL TO CONVEY. After a party who is in equity bound to convey land under a contract has refused to do so, an action for specific performance may be maintained without a formal tender of the amount to which he would be entitled upon performance, and it is sufficient in such a case to offer in the petition to pay the required amount.

*Appeal from Wright District Court.*

FRIDAY, OCTOBER 29.

ACTION in equity to compel the specific performance of a contract for the conveyance of certain land. The abstract shows that a decree was rendered in favor of the plaintiff,

and against the defendant Devereaux, for a conveyance of the land. A paper, however, purporting to be a certified transcript of the decree, has been put into our hands, showing that it had been made to appear to the court that the original plaintiff, David Veeder, had died, and Frank H. Veeder had been appointed special executor of David Veeder's estate, and authorized to prosecute the action, and that the defendant Devereaux was decreed to convey the land to Frank H. Veeder. Whatever the record may show as to the substitution of Frank H. Veeder and a decree in his favor, it is sufficient to say that the defendant Devereaux appealed on the sole ground that no decree should have been rendered against him in favor of any one. In speaking of the plaintiff in the course of the opinion, our reference will be to the original plaintiff.

*Chase & Chase* and *J. A. Rogers*, for appellant.

*Nagle & Weber*, for appellees.

ADAMS, CH. J.—This case is before us upon a rehearing. In our former opinion the court held that under the pleadings and evidence it did not appear that the plaintiff was entitled to any relief, and that the decree in his favor should be reversed. 23 N. W. Rep., 285. Our opinion was based upon the original petition, which was drawn upon the theory that David Veeder purchased the land in question of the defendants, A. W. McMurray, L. H. McMurray and L. A. McMurray; that he took possession under such purchase; and that, while he was in possession, the McMurrays conveyed the land to Devereaux. The original petition, as set out in the appellant's abstract, prayed merely for a cancellation of the deed to Devereaux, and that the McMurrays be decreed to make a deed to the plaintiff, David Veeder. Not finding any contract between the McMurrays and the plaintiff, we did not see how we could grant him relief upon any theory upon which it appeared to be sought. But the case

is somewhat different from what we understood it to be. It was assumed by us that no relief was prayed for, except as appeared from the petition as set out in the appellant's abstract. But the appellee had filed an abstract setting out various things, and, among them, a copy of the petition; and the prayer of the plaintiff, as thus shown, was broader than appeared from the petition as set out in the appellant's abstract. Our attention was not called to the difference, and it was not observed by us. The relief granted, as it now appears, was embraced within that prayed for. And it follows that the theory upon which we proceeded in our former opinion was wrong. This fact, together with one or two other matters, has led us to a different conclusion.

The land, at one time, belonged to one J. G. McMurray, now deceased. He died testate, seized of the land, and had empowered his executors to sell and convey it.

1. SPECIFIC performance: contract to convey: one in possession against subsequent purchaser: notice.

His executors are the defendants A. W. McMurray, L. H. McMurray, and L. A. McMurray. The contract for the purchase from the McMurrays is alleged to have been made through the defendant G. A. McKay as their agent. This contract, we held in our former opinion, was not established. Whether it was or not, it is not, in the view which we now take, important to consider. It is alleged, as a separate ground of relief that the McMurrays sold to McKay, and that McKay had already agreed with the plaintiff that, if he purchased, the plaintiff should have the land at the same price which he was to pay the McMurrays, as he understood his contract with them, to-wit, at four dollars an acre. These allegations do not appear to be denied. The evidence, we think, shows that, under the agreement and assurances made by McKay, the plaintiff took possession of the land, and made extensive improvements by breaking. After McKay's purchase from the McMurrays, he recognized the contract theretofore made with the plaintiff, but claimed that the plaintiff had forfeited it, asked more for the land, and proceeded soon to sell to

Devereaux at a considerable advance in price. It is true, nothing had been paid by the plaintiff; but we are satisfied from the evidence that the first payment was to be made when McKay, either through himself or directly from the McMurrays, was ready to give the plaintiff title, and that the plaintiff was never notified that he could have the title upon the terms embraced in his contract. We are of the opinion, then, that the plaintiff had not forfeited his contract, and, as he was in possession, Devereaux bought subject to it.

One question remains to be considered. Has the plaintiff shown himself in such position, in respect to offer of payment to Devereaux, as entitles him to a deed from him? The plaintiff averred in his petition that the defendants refused to convey; and that averment does not appear to be denied. He also averred that he has held himself in readiness, at all times, to fulfill the terms of his contract of purchase, and tenders the cash payment and note and mortgage as called for by his contract. The court decreed that the plaintiff was entitled to a deed from Devereaux upon payment to the clerk, for Devereaux's use, of the sum of $300.12, which we think covers all that Devereaux could properly claim. After Devereaux refused to convey, an offer of performance by the plaintiff was not, we think, a condition precedent to a right of action, and that it is sufficient to make such offer in the petition as was done. *Wright v. Young*, 6 Wis., 127; *Morris v. Hoyt*, 11 Mich., 9; *Stevenson v. Maxwell*, 2 N. Y., 408; *Binford v. Boardman*, 44 Iowa, 53.

2. ——: ——: tender after a refusal to convey.

In our opinion, the decree of the court below should be

AFFIRMED.