F. P. BREWER, Apellant, v. A. A. HUGG *et al.*

**Suit to Recover Price for Building Done:** EVIDENCE: *Erroneous dismissal of petition.* A contractor sued to recover the building price of a house both on specific contract and a *quantum merit* and to foreclose a mechanic's lien. His evidence showed the making of the contract, that $250 of the price agreed on remained unpaid, that certain items of work claimed as extras were so, and the value of the other items admitted by defendant to be extras. *Held,* that it was error to dismiss the petition on the merits, as the evidence showed plaintiff was entitled to judgment in some amount.

Equity Suit Based on Foreclosure: REVERSAL AND REMAND. Where a judgment dismissing on the merits the complaint of a contractor for the price of a house and to foreclose a mechanic's lien is reversed on appeal, the appellate court will not enter 2 judgment for the amount due plaintiff on the ground that the case is in equity it being in equity only because a foreclosure is asked. but will remand the cause for a retrial.

*Appeal from Mahaska District Court.*—HON. A. R. DEWEY, Judge.

MONDAY, OCTOBER 7, 1901.

ACTION in equity in two counts. In the first the plaintiff sets out a written contract with A. A. Hugg, whereby he was to erect for him in a workmanlike manner, and according to certain plans and specifications, a dwelling house for the consideration of $1,500. Plaintiff alleges that he has fully performed said contract, except as to one coat of paint, as to which it was agreed that, owing to dust and flies at the time he finished the house, it should not be put on, and that $25 should be deducted from the contract price on that account. He alleges that many changes and alterations were made and extra work done by direction of the defendants to the amount of $95.55, and that there is due and unpaid on said contract and for said extras a balance of $345.55, for which he asked judgment and foreclosure of his mechanic's lien. In the second count he asks to recover the *quantum meruit* for same labor and material. Defendants answered the first count, denying that there were changes, alterations, and extra work done by the plaintiff as to items 5, 6, 8, 11, 12, 15, and 16, and averring that it was the duty of the plaintiff to perform the same, and denying that the other items were worth the price charged. They deny that plaintiff has completed said house as said contract provides. In answer to the second count they deny each and every allegation therein, and allege that they have more than paid the plaintiffs for all claims sued for. Defendants, by way of counterclaim, ask

to recover $500 damages "by reason of the failure of the plaintiff to comply with his said contract; that he failed to built and construct the dwelling house provided for in said contract in accordance with the stipulations of said contract, and failed to construct the same in a workmanlike manner, either as to the materials used, the quality and character of the work done, or in the sizes and dimentions of the rooms, and the shape and construction of the building." Plaintiff replied, denying every allegation contained in said counterclaim. The case was tried to the court, and at the close of the evidence for plaintiff defendants moved to dismiss his petition on the merits, which motion was sustained, and decree rendered accordingly, from which plaintiff appeals.—*Reversed.*

*Bolton, McCoy & Bolton* for appellant.

*B. W. Preston* and *George W. Lafferty* for appellees.

Given, C. J.—I. The grounds of defendant's motion were that as to the first count "the undisputed evidence shows that the contract has been performed"; that as to the second count "there is no evidence to show the value of the property as it now is, with its defects, and because no mechanic's lien can be claimed upon the *quantum meruit*"; also "because the evidence fails to show the value of the property, or the material furnished, or labor performed, if the action is based upon the *quantum meruit*." This motion is in the nature of a demurrer to the evidence, and the evidence must be taken as proving each material allegation which it fairly tends to establish. Thus viewed, it shows that there was a contract as set out, that palintiff erected the house, and that of the $1,500 to be paid therefor defendants have paid $1,250. The only issues on the first count are whether plaintiff complied substancially with the contract, whether said items 5, 6, 8, 11, 15, and 16 were extras, and the value of the other 11 items charged as extras. The evi-

dence for plaitiff standing uncontradicted, as it does, fairly establishes each of these allegations. There is evidence tending to show the value of the extras admitted, and also that the other extras were not within the contract. Therefore on this evidence the plaintiff is entitled to judgment in some amount, and his petition should not have been dismissed. In view of this conclusion, we will not discuss the evidene. What is said in argument in relation to the counterclaim is not applicable, as that is a matter to be established by the defendants. Appellants contend that, if this case is reversed, they should have judgment in this court for an amount due as shown by the evidence, the case being in equity. The case is in equity only because foreclosof the mechanics lien is asked. There is no issue as to the lien nor any question but that the plaintiff is entitled to have it foreclosed if he recovers upon the first count. In view of, the state of the record, this court should not undertake to render final judgment, but must remand the case for a retrial upon the merits.—REVERSED.