Joseph Wood, Appellee, v. E. D. Howland, Mrs. E. D. Howland, Connor & Lally, Assignees, Appellants, and B. T. Wilmot, Mrs. B. T. Wilmot, C. H. Brace, Appellees.

Contract for the sale of land: TENDER: SUFFICIENCY. Under a contract to convey land providing that the purchaser might pay the full price at any time before due by giving sixty days notice of his election so to do, a notice prior to maturity of the contract, demanding conveyance and stating that payment of the purchase price would be made on presentation of a deed, amounts simply to notice of intention to exercise the option and to pay at the expiration of the sixty day period or sooner if the owner consented to receive it, but was insufficient as a tender.

Tender: SUFFICIENCY: INTEREST. Where the owner discharged a mortgage which the purchaser assumed as a part of the price, a tender of the purchase price which did not include the amount of the mortgage so paid was insufficient to stop the running of interest.

Same. An offer of full performance may be sufficient as an equitable tender, but where an amount is specified the sum named must be large enough to discharge the entire obligation.

*Appeal from Crawford District Court.*—Hon. Z. A. Church, Judge.

Saturday, December 17, 1904.

The opinion states the case.   Decree *modified.*

*Connor & Lally,* for appellants.

*M. B. Bailey & John Traver,* for appellee Joseph Wood.

*T. E. Brady, Shaw, Sims & Keuhnle,* and *H. L. Robertson,* for appellees Wilmot and Brace.

WEAVER, J.—On May 6, 1896, the plaintiff, Joseph Wood, being the owner of an eighty-acre tract of land in Crawford county, entered into a written agreement to sell the same to the defendant E. D. Howland for the sum of $2,000, to be paid within one year from that date. For reasons unnecessary to here state, plaintiff was not ready to make the conveyance at the time agreed, and Howland continued in possession. of the land under the contract. On March 15, 1902, Howland entered into a written contract to convey the same land, with other tracts then owned by him, to the defendant B. F. Wilmot for the gross sum of $11,040, of which sum $1,500 was paid in cash, an existing mortgage debt of $3,600 was assumed by Wilmot, and the balance was made payable in six yearly installments. It was further agreed that the purchaser might pay the entire indebtedness at any time before due by giving sixty days' notice thereof, and that the seller, by giving like notice, should be entitled to demand payment in full. Under the contract Wilmot went into possession of the land. On May 1, 1902, Wilmot served upon Howland a notice in the following form:

To E. D. Howland and Anna Howland: You are hereby notified that I demand of you a warranty deed to the West Half of the North-West Quarter of Section Twenty-nine (29), and the North-East Quarter of Section Thirty (30) Township Eighty-two (82), North Range Forty-one (41), West of the 5th P. M., and abstract showing perfect title free and clear of all liens and encumbrances at once in accordance with the terms of a certain land contract dated March 15th, 1902, entered into between you and each of you and myself. You are further notified that all of the purchase price will be paid to you at once upon the presenta-tion of satisfactory abstract of title and warranty deed to said premises. You are further notified that I demand of you that you surrender and deliver to me the possession of the premises now occupied by you and described as above, within thirty days from the service hereof. Dated at Dunlap, Iowa, this 1st day of May, 1902. [signed] B. T. Wilmot.

On July 17, 1902, Wilmot served upon Howland the following notice:

To E. D. Howland and Anna Howland: I hereby tender and offer to pay to you Sixty Hundred Sixty and Eighty One Hundredths Dollars ($6060.81), lawful money under terms of your contract with me in writing, under date of March 15, 1902, providing for the conveyance to me of the West Half of the North-West Quarter of Section 29 and N. E. Quarter of Section Thirty (30), all in Township Eighty-two (82), North Range Forty-one (41), West of the 5th P. M., in Crawford County, Iowa, and demand of you a warranty deed duly executed for same together with abstract showing title perfect in you subject only to the mortgage indebtedness mentioned in said contract. Dated at Dunlap, Iowa, this 17th day of July, 1904. [Signed] B. T. Wilmot.

It will be observed that in the last notice the sum offered to be paid is the full contract price of the land, less the $1,500 paid in advance and the $3,600 mortgage debt assumed. Wilmot claims that on the day of the service of the first notice, and at all times thereafter, he was ready to pay off this debt, but was unable, after due inquiry, to find the person or persons who held the lien. It is the claim of Howland that, Wilmot having failed to do so, he himself discharged the lien, and that the sum represented thereby became due and payable directly to him. On September 13, 1902, this litigation was initiated by Wilmot, who began an action in equity to enforce specific performance of his contract with Howland. Soon thereafter Wood began an action of right for the possession of the land, alleging a forfeiture of the contract which he had given Howland. Still later, Howland began a separate action in equity for the specific performance of Wood's contract to convey to him. All these actions were consolidated, with Wood as plaintiff and all the other parties in interest as defendants. Each party in appropriate pleadings alleges full performance and willingness to perform all his several undertakings and agreements. The trial court found against the plaintiff, Wood, and in favor

of Howland, for a specific performance by plaintiff of his agreement to convey. As between Howland and Wilmot it was found that the latter had made a sufficient tender of payment as of July 17, 1902, and decreed that upon payment by him of the full sum of $9,540, with interest from the date of the contract to July 17, 1902, Howland should make and deliver a deed. From this decree Howland and his assignees, Connor & Lally, alone appeal.

The one question presented in argument is the sufficiency of the tender to support the decree entered by the trial court. The appellant contends that at the date of the first 1. CONTRACT FOR notice there was nothing due upon the contract, SALE OF LAND: and a tender at that time was unavailing, and tender: sufficiency. if such notice is to be considered as indicating Wilmot's exercise of his option to pay the entire amount due, then Howland was under no obligation to accept it until the expiration of the sixty-day period. It is also insisted that the tender of July 17, 1902, is clearly insufficient by the sum of $3,600 and interest. We think it cannot be successfully claimed that Howland would have been required to take the money until the specified notice had been given, and we think the first paper served upon him must be treated merely as information of Wilmot's desire to avail himself of the option given him, and of his readiness to pay the full amount at the end of the period, or sooner if Howland would consent to receive it.

We are also constrained to hold that the written tender of July 17, 1902, was insufficient. Wilmot was in fact under obligation to pay a balance of $9,540. At the outset 2. TENDER SUFFI- $3,600 of this sum was to be paid to the mort-CIENCY: interest. gagees and $5,940 to Howland, but Howland, by paying off the mortgage, had become entitled to the entire sum. While Wilmot testified to some effort made by him in May to find and pay the mortgagee, we do not understand him to claim that he was in any manner deceived by Howland in this matter; nor, indeed, does he say that at the time

of making the tender of July 17th he did not know the truth. It is true that at no time before the final decree compelling Wood to convey to Howland was the latter able to carry out his contract and make Wilmot a title to the land, and the only effect of the tender, if it had been sufficient, would have been to stop the accumulation of interest, but the inability of Howland to perform would not of itself, in the absence of a sufficient tender, relieve Wilmot from liability for such interest. The effect of a good tender being to stop interest and give the purchaser for the time being the possession, use and benefit of both the land and of the money which represents the contract price, it is, perhaps, not unjust to require as a condition of such advantage that the tender be full and complete.

Under our statute a tender may be made in writing, and, while an offer of full performance in general terms may be sufficient in equity, nevertheless, if the party making it specifies the exact sum which he offers, he must be careful to name a sum which is large enough to discharge the obligation of which he tenders a performance. This, we think, Mr. Wilmot failed to do. It is to be said, however, that, in his petition for specific performance of Howland's contract to convey, he tenders performance on his own part in a manner which is probably sufficient to sustain his action under the doctrine approved by this court. *Hayward v. Munger,* 14 Iowa, 516; *Taylor v. Ormsby,* 66 *Iowa,* 109; *Binford v. Boardman,* 44 Iowa, 53. Had the decree of the district court been based upon this equitable tender, and Wilmot adjudged to pay interest to that date, we should be at liberty to approve the decree. As it is, we conclude that there was no sufficient tender prior to the beginning of the suit, and that the running of interest did not cease. The decree should have required Wilmot to pay the full sum of $9,450, with interest computed to the date when such finding was entered. To this extent the decree must be modified, and the cause is remanded to the trial court for that purpose.— *Modified.*

3. SAME.