SEARS, ROEBUCK & Co., Appellee, v. FRED W. NELSON et al., Appellants.

No. 44997.

AUGUST 4, 1941.

J. G. Gamble and R. L. Read, for appellee.

John M. Rankin, Attorney General, and John E. Mulroney, Assistant Attorney General, for appellants.

OLIVER, J.—Appellee, Sears, Roebuck and Company, instituted this action in equity in the District Court of Polk County, Iowa, alleging that as to its mail-order sales made outside the State of Iowa, to residents of Iowa, the Use Tax Act is unconstitutional in that it violates sections 8 and 10 of Article I and section 1 of the fourteenth amendment of the Constitution of the United States, and praying that the provisions in question be adjudged unconstitutional and that defendant-appellants, acting as the State Board of Assessment and Review, be enjoined from enforcing the provisions of the act against appellee as to such sales. The district court decreed said provisions to be unconstitutional and enjoined their enforcement by appellants. This court affirmed the decree of the district court. Sears, Roebuck and Company v. Roddewig et al., State Board of Assessment and Review, 228 Iowa 1273, 292 N. W. 130. The Supreme Court of the United States adjudged the provisions of the act, as applied to said mail-order business, to be not in violation of the Constitution of the United States. Accordingly, the judgment was reversed and the cause remanded to this court for proceedings not inconsistent with said opinion. Nelson v. Sears, Roebuck and Company, 312 U. S. 359, 61 S. Ct. 586, 85 L. Ed. 522, 132 A. L. R. 475.

Appellee now moves that this court consider issues not yet argued or decided in this case; or, in the alternative, upon remand to the district court that leave be granted to amend the pleadings and introduce further evidence with respect to such issues. Appellee concedes the decision of the Supreme Court of the United States to be final as to the power of the state to impose upon it said obligations of collection and payment of the Iowa Use Tax, insofar as that power is tested by the provisions of the Federal Constitution. But appellee suggests that said power has not been exercised and moves that we proceed in this case to construe the Use Tax Act in the light of its provisions and also that we determine whether the questioned provisions are violative of the Constitution of the State of Iowa, or

that upon remand to the trial court leave be granted to amend its pleadings with respect to said matters.

In this case the pleadings raised no issue other than that involving the constitutionality of the act (as applied to said mail-order business) under the Constitution of the United States. That issue was fully tried and decided by the trial court. The trial in this court was de novo and said issue was again passed upon. Finally the same issue was presented to and decided by the Supreme Court of the United States. Appellee's motion, following the adverse decision by the Supreme Court of the United States, is, in effect, an application for permission to revive and retry the case upon new and different issues and theories and with new pleadings.

"The trial of a chancery case in this court, which was heard in the court below upon written evidence, being de novo, is final and another trial cannot be again had in the court below unless for some special reason it is so ordered." Ronna v. American State Bank, 215 Iowa 806, 812, 246 N. W. 798, 801. However, in some cases the appellate court will remand with direction to "the district court to do only a special thing," or "to exercise discretion, within proper limitations, to proceed further with the cause after remand."

In the language of Kossuth Co. St. Bk. v. Richardson, 141 Iowa 738, 741, 118 N. W. 906, 907:

"* * * whenever essential to effectuate justice, an appellate tribunal may remand to the trial court for such further proceedings as the circumstances of the particular case require." Citing authorities.

In Chicago, M. & St. P. Ry. Co. v. Hemenway, 134 Iowa 523, 525, 111 N. W. 987, 988, it is said leave to reopen the case upon remand after reversal "will be granted only in furtherance of justice, and the showing must be such as ordinarily would entitle a party to a new trial—thus, to permit the introduction of material evidence, omitted by excusable inadvertence, or where material evidence, not cumulative, has been discovered since the submission, and which could not have been sooner discovered in the exercise of reasonable diligence, or because of matters materially affecting the rights of the parties happening subsequent to the decree, and the like."

And Sanxey v. Iowa City Glass Co., 68 Iowa 542, 547, 27 N. W. 747, 749, states: "* * * the amendment to the pleadings necessary for this purpose may also be made." See also Shorthill v. Ferguson, 47 Iowa 284.

A few examples of remands with instructions in appeals triable de novo are Dierksen v. Pahl, 194 Iowa 713, 190 N. W. 423, on account of the confusion in the pleadings and procedure of both parties; Whitmer v. Board of Directors, 210 Iowa 239, 230 N. W. 413, to permit joinder of necessary parties; Brewer v. Hugg, 114 Iowa 486, 87 N. W. 409, to dispose of issues necessarily unadjudicated.

A case in which the circumstances were deemed sufficient to justify the determination after remand of an issue which had been overlooked but which required no new pleadings or evidence is Sleeper v. Killion, 182 Iowa 245, 164 N. W. 241. That suit was by a guardian to quiet title in her ward. Defendant pleaded title through foreclosure. The trial court held the foreclosure valid and did not consider the nature or extent of the ward's interest. The opinion upon appeal captioned the case "Action by a minor to set aside a decree on the ground that no proper service was made upon him * * *." Sleeper v. Killion, 166 Iowa 205, 147 N. W. 314. The decree was reversed, without directions, solely because of want of notice in the foreclosure case. In holding that defendant was upon remand entitled to a determination of the interest of plaintiff's ward in the property as shown by the evidence, the court said, 182 Iowa at 257, 164 N. W. at 245:

"The plaintiff was the moving party, and had the burden of proving the alleged title of her ward. * * * The legal effect of this proof was, * * * to establish the ward's right and title to one third of the land, and to negative conclusively his claim as to the other two thirds. * * * To have the advantage of these facts and to have their rights preserved in the decree to be entered, no amendment of the pleadings was necessary."

Hormel v. Helvering, 312 U. S. 552, 61 S. Ct. 719, 85 L. Ed. 1037, cited by appellee, involved an income tax claim against the taxpayer which had been originally based upon a particular section of the act but which upon review was predicated upon

a different section, following a subsequent supreme court decision in an analogous case. Under the circumstances, upon reversal and remand, the opportunity was given to offer evidence upon this new issue before the Board of Tax Appeals.

In U. S. v. Rio Grande Dam & Irrigation Co., 184 U. S. 416, 22 S. Ct. 428, 46 L. Ed. 619, the trial court erroneously denied a party the opportunity to prepare and submit its case. The case was remanded to the state supreme court with directions to reverse the decree and remand to the trial court for further evidence.

In Sprague v. Ticonic Nat. Bank et al., 307 U. S. 161, 59 S. Ct. 777, 83 L. Ed. 1184, a party after remand petitioned for reimbursement of attorney's fees and expenses out of the shares of others in a fund made available by the litigation. This was regarded by the supreme court as being in the nature of a supplemental proceeding not disposed of and which could well await the outcome of the main action and an order refusing to permit the procedure was reversed.

J. C. Penney Co. v. Wisconsin State Tax Commission, 238 Wis. 69, 298 N. W. 186, was a suit to set aside tax assessments involving the constitutionality of the act and other issues. The Supreme Court of the United States, reversing a decision of the state supreme court, held the act was not unconstitutional and remanded the case for the determination of such questions as were open. Upon remand the Wisconsin Supreme Court decided the undetermined issues, holding in part that an erroneous method of computing the tax had been employed. The record was insufficient for the determination of the amount of the tax and, therefore, the case was remanded with directions to the trial court to remand to the commissioner of taxation for further proceedings.

It is unnecessary to discuss these decisions in further detail. The procedure there employed appears similar to that adopted or approved by this court in like situations. But we do not think they are here in point. A party to an equity case may not at the trial present his cause of action or defense in part only and upon remand reopen the case for the submission of the portions omitted. Matthews v. Quaintance, 204 Iowa

520, 215 N. W. 707. Sexton v. Henderson, 47 Iowa 131. Van Gorden v. Schuller, 192 Iowa 853, 185 N. W. 604. The authorities are agreed upon that proposition.

Rural Ind. School Dist. v. McCracken, 215 Iowa 55, 244 N. W. 711, was an action to enjoin the creation of a school district based upon the alleged unconstitutionality of the statute upon certain grounds. The trial court sustained this attack in a ruling upon a motion. An appeal resulted in a reversal and a holding that the statute was not unconstitutional upon the specified grounds. After remand plaintiff sought to amend and attack the constitutionality upon a different ground. It was held plaintiff was required to present all its objections to the constitutionality of the act in the first instance and that after an adverse decision upon appeal it could not again assail the constitutionality on other and different grounds. The court said [page 56 of .215 Iowa, page 711 of 244 N. W.] :

"We have consistently held in this court that on a re-trial of a case in the district court, following a reversal in this court, the party cannot 'mend his hold', * * *."

The following statement in Zalesky v. Home Ins. Co., 114 Iowa 516, 519, 87 N. W. 428, 429, was cited with approval:

"The due and timely adjudication of the rights of litigants demands that a cause of action or a defense be submitted as a whole when known, and not by piecemeal; otherwise, parties not offending in this way may be eternally harrassed, and the courts constantly engaged in passing upon the points, raised, one at a time, in a long course of litigation. We cannot lend our sanction to such procedure. Where there is an opportunity for the full presentation of all the facts in a case, the party relying thereon must make a full disclosure thereof if known to him, or suffer for his failure so to do. He cannot be permitted to conceal a part of his action or defense, or to negligently overlook it, and thus prolong indefinitely the final settlement of the case. This proposition is so manifestly right that no citation of authority in its support seems necessary."

See also In re Estate of Cook, 143 Iowa 733, 122 N. W. 578; McCane v. Wokoun, (Iowa), 185 N. W. 466.

In the case at bar appellee presented its case solely upon the theory that the act violated the Constitution of the United States. Upon this issue the case was completely tried resulting in a decree enjoining the enforcement of the act. The decree was affirmed by the Supreme Court of Iowa. The Supreme Court of the United States held the act constitutional and reversed the case. Appellee now seeks permission to amend its petition not only to assail the act upon new and different grounds but also to secure its construction. We are satisfied there is no reason or precedent to justify this procedure. Wherefore, appellee's motion is overruled.

In conformity with the mandate of the Supreme Court of the United States the decree is reversed and the cause is remanded to the district court with instructions to enter decree accordingly.—Motion overruled.

All JUSTICES concur.