Cletus E. Dee, Appellee, v. Robert A. Collins et al., Appellants.

No. 46542.

October 17, 1944.

Smith, O'Connor, Thomas & Ryan, of Dubuque, for appellants.

Hart & Hart and F. E. Teeling, all of Waukon, for appellee.

GARFIELD, J.—The property involved is a house and lot in Waukon occupied by plaintiff as his home. The contract was made December 11, 1940, between defendant Robert A. Collins and plaintiff. The purchase price was $1,800, of which plaintiff paid $350 in cash. The contract provided that within fifteen days the vendor would convey the property by warranty deed free of all liens and furnish abstract of title showing good merchantable title. The vendor also agreed to have the premises surveyed and platted and have "proper official plat" recorded. (The property is part of a larger tract then owned by the vendor.) The contract further provided that the remaining $1,450 of the purchase price was to be paid at the time of delivery and acceptance of the deed, in the form of two promissory notes, one for $1,000, for five years at five per cent interest, the other for $450, for three years at four per cent interest, each secured by a mortgage on the premises. When the contract was made, plaintiff was in possession under a lease from the mother of defendants, who are brother and sister.

Plaintiff's petition against Robert A. Collins for specific performance was filed on September 1, 1942. On April 7, 1943, plaintiff amended his petition by alleging that defendant Robert A. Collins had deeded the property to Mary E. Collins on March 9, 1942, that the rights of the grantee were subject to plaintiff's rights under his contract, and asking specific performance also as against Mary E. Collins. On May 3, 1943, plaintiff again amended his petition by alleging that defendants had wrongfully shut off the water supply to the premises and asking that they be required to restore such water supply. Defendants answered by admitting the execution of the contract but alleging, among other matters, that plaintiff had abandoned the contract.

Upon the trial, at the conclusion of plaintiff's evidence, defendants moved to dismiss plaintiff's petition principally on the grounds that plaintiff had failed to show he had no adequate

remedy at law and that he made no tender before bringing suit. The motion was overruled and defendants' counsel called his first witness. Plaintiff's counsel then objected to the offer of any evidence by defendants on the ground that by moving to dismiss defendants were precluded from offering testimony, that the legal effect of defendants' motion to dismiss was to rest their case. Plaintiff's counsel asked to submit authorities to the court in support of his contention and the trial was recessed.

A week later, and before the court had passed on plaintiff's contention that defendants had no right to offer evidence, defendants' counsel asked the court to reopen the case to permit the offer of testimony, *if defendants' motion for dismissal constituted a closing of defendants' case.* On December 27, 1943, the trial court entered decree which "finds, orders and rules that on October 12, 1943, plaintiff and defendants both rested their case." (October 12th is the date plaintiff's evidence was concluded and defendants moved for a dismissal.) The decree also overrules defendants' motion to reopen the case and awards plaintiff specific performance.

I. Defendants contend the decree should be reversed because plaintiff failed to show the inadequacy of his remedy at law for breach of contract. The contention is without merit. The granting of specific performance of a contract to convey real estate does not depend upon the existence of special facts showing the inadequacy of the remedy at law in a particular case. Courts assume that money damages do not constitute an adequate remedy for the breach of a real-estate contract and grant specific performance without an actual showing of inadequacy of the legal remedy. Unless the consideration is inadequate or there is some other equitable reason for denying specific performance, a party to a land contract is as much entitled to this form of relief as to damages at law. Western Securities Co. v. Atlee, 168 Iowa 650, 659, 151 N. W. 56; 49 Am. Jur. 107, 108, section 92; 58 C. J. 1024, section 233; id. 1028, 1029, section 239; annotation 65 A. L. R. 7, 40.

II. We are asked to reverse because plaintiff did not tender performance prior to the commencement of suit. There is some conflict of authority generally on the necessity of a tender

by the vendee prior to his bringing suit for specific performance. 49 Am. Jur. 166, section 143; 58 C. J. 1081, section 342. See Wood v. Howland, 127 Iowa 394, 398, 101 N. W. 756. Here, however, it is clear that plaintiff's failure to tender performance on his part prior to instituting suit is not fatal to his right to relief.

In his petition plaintiff alleged he was ready and willing to perform and that he "does hereby tender performance of his part of said contract." Soon after the commencement of the trial plaintiff made a written tender in cash, accompanied by the money, of the amount he contended was unpaid on the contract and also tendered the two notes and mortgages executed by him and his wife, which the contract provided should pay the balance of the purchase price, giving defendants the option to accept either the cash or the notes and mortgages. Under the facts here, the offer in the petition, followed by the written tender, was timely.

As stated, the contract provided that within fifteen days the vendor would furnish plaintiff a warranty deed and an abstract showing merchantable title. No deed or abstract was ever furnished plaintiff. Time of performance by the vendee was not made of the essence of the contract. Plaintiff could hardly be expected to execute and deliver mortgages for the balance of the purchase price, containing the usual covenants, until the vendor transferred the title to him or at least was ready to do so. 58 C. J. 1081, 1082, section 342; annotation 79 A. L. R. 1240.

Aside from the above, however, there are two reasons why plaintiff was not required to tender performance prior to commencing suit. First, the vendor did not have good title. There were liens against the premises. Indeed, a mortgage against the property was foreclosed and plaintiff paid rent on it, presumably as required by the court, to a receiver appointed in the foreclosure. The vendor's inability to perform rendered unnecessary a tender of performance by plaintiff prior to bringing suit. 49 Am. Jur. 167, section 144; annotation 79 A. L. R. 1240, 1241. In the second place, plaintiff was excused from tendering performance before instituting suit by the vendor's conveyance to his sister, which placed it beyond his power to perform his contract with plaintiff. McWhirter v. Crawford, 104 Iowa 550, 554,

72 N. W. 505, 73 N. W. 1021, and cases cited; 49 Am. Jur. 167, section 144; annotation 79 A. L. R. 1240. See, also, as tending to support our conclusion on this branch of the case, Braig v. Frye, 199 Iowa 184, 189, 199 N. W. 977; Conner v. Baxter, 124 Iowa 219, 228, 99 N. W. 726; Veeder v. McMurray, 70 Iowa 118, 121, 29 N. W. 818; Hopwood v. Corbin, 63 Iowa 218, 222, 18 N. W. 911.

III. Defendants make an objection to the amount tendered by plaintiff which we think must be sustained. The amount of cash and the amount of the notes and mortgages tendered was $1,229 rather than $1,450. Plaintiff claimed the right to deduct $221 from the $1,450 remaining unpaid on the contract because of rent paid by him to the receiver in the mortgage foreclosure above referred to. The record does not clearly show, except by the self-serving statement in the written tender, the total amount of rent plaintiff paid the receiver nor for what period of time. Perhaps the inference is that plaintiff paid the receiver thirteen months' rent at $17 a month. Plaintiff occupied the property about three years from the date of the contract down to the entry of the decree. The effect of the decree is that plaintiff was permitted to occupy the property, on which he had paid but $350, for three years without paying rent (except as the amount claimed to have been paid the receiver was deducted from the purchase price) and without paying interest on the unpaid portion of the purchase money.

While plaintiff should be credited with the rent he was compelled to pay the receiver in the mortgage foreclosure, he is chargeable with interest on the unpaid portion of the purchase price from the time he took possession under the contract, even though the title of the vendor may have been defective. Interest is allowed the vendor under such circumstances to compensate for the vendee's use of the property. Wood v. Howland, 127 Iowa 394, 398, 101 N. W. 756; annotation 75 A. L. R. 316, 325; 58 C. J. 1243, section 596. In order for a purchaser in possession to stop the running of interest he must ordinarily tender the purchase money in sufficient amount and keep it in readiness for the vendor. Here interest on $1,450 should be added to that sum and the amount plaintiff was compelled to pay the receiver de-

ducted therefrom. Since the case must be reversed and remanded because of the matter about to be mentioned, the determination of the balance due from plaintiff may be made by the lower court pursuant hereto, in the event plaintiff prevails. It may be necessary for the lower court to hear testimony in order to determine this amount.

IV. Defendants ask a reversal because the court refused to permit them to offer evidence. In this connection, plaintiff contends the court did not so rule. We think, however, the record shows the court adopted plaintiff's contention that defendants were precluded from offering testimony by making their motion to dismiss. At least, defendants understood this to be the ruling and were never given an opportunity to offer testimony. As stated, the decree "finds, orders and rules" that defendants rested their case on October 12, 1943, the date they moved for a dismissal. Defendants never rested their case unless that was the legal effect of their moving to dismiss. This provision of the decree can be accounted for only on that theory.

The court should have permitted defendants to offer testimony. The trial was governed by Iowa Rules of Civil Procedure, effective July 4, 1943. It is not claimed the trial court was of the opinion the application of the rules in this action "would not be feasible, or would work injustice." See Rule 1(b). In fact, in overruling the motion to dismiss made by defendant Mary E. Collins, the court stated, "I will overrule that motion. We will try this thing through and note exceptions under the new rules." Rule 216 provides:

"After the plaintiff has completed his evidence, a defendant may move for dismissal because plaintiff has shown no right to relief, under the law or facts, without waiving his right to offer evidence thereafter."

It is but fair to say that this rule was not called to the trial court's attention.

Although the application of Rule 216 is conclusive on this question, we may add that we find no decision of this court holding that the mere making at the close of plaintiff's evidence of a motion to dismiss *which is overruled* amounts to a resting of the defendant's case or precludes him from offering evidence. It

must be admitted there is language in some of our opinions which might be so construed. But in each of those cases the motion to dismiss was sustained, or the defendant expressly rested his case, or stood on his motion and refused to offer evidence. See Hirtz v. Koppes, 212 Iowa 536, 538, 234 N. W. 854; Haggin v. Derby, 209 Iowa 939, 942, 229 N. W. 257, and cases cited; Bridges v. Sams, 202 Iowa 310, 311, 202 N. W. 558.

We·have also pointed out that the statutes made no provision for a motion to dismiss an equity case at the close of plaintiff's evidence; the practice of making such a motion is not to be commended and is perilous procedure. If a defendant obtains a favorable ruling on his motion he, of course, precludes himself from offering evidence. Then if the ruling is reversed on appeal, our decision is ordinarily final and the defendant may find himself defeated because he did not produce the evidence which would have saved him. Coen & Conway v. Scott County Sav. Bk., 205 Iowa 483, 487, 218 N. W. 325. And see cases last above. But we find no Iowa decision in which a defendant has been held precluded from offering evidence merely by unsuccessfully moving to dismiss plaintiff's case at the close of plaintiff's evidence.

V. Since this case is in equity, it is reviewed de novo here. Rule 334, Iowa Rules of Civil Procedure. Ordinarily the trial de novo in this court of an equity case is final and there is no further trial in the court below unless for some special reason it is so ordered. Upon a reversal all that ordinarily remains to be done is the entry of a decree in harmony with our opinion. Matthews v. Quaintance, 204 Iowa 520, 522, 215 N. W. 707, and cases cited; Sears, Roebuck & Co. v. Nelson, 230 Iowa 936, 938, 299 N. W. 398, 399, and cases cited. We have repeatedly held, however, that when essential to effectuate justice, an equity case may be remanded for such further proceedings as the circumstances may require. Sears, Roebuck & Co. v. Nelson, supra, and cases cited. See, also, Pace v. Mason, 206 Iowa 794, 803, 221 N. W. 455; Kelley v. Kelley, 189 Iowa 311, 319, 177 N. W. 45; Shetler v. Stewart and Weber, 133 Iowa 320, 325, 107 N. W. 310, 110 N. W. 582. Our authority to remand an equity case for the taking of further testimony cannot be doubted.

Kossuth County State Bk. v. Richardson, 141 Iowa 738, 742, 118 N. W. 906, 907.

Since the trial court refused to receive defendants' evidence, which is not before us, we have no way of knowing whether defendants can establish any of their pleaded defenses. The cause is therefore remanded for the taking of testimony in support of such defenses and any rebuttal thereof. In order that our present decision may be as complete as possible, we may say, as above indicated, that the lower court did not err in overruling defendants' motion to dismiss and that plaintiff made a prima facie case entitling him to specific performance, subject only to the allowance of interest to the vendor as stated in Division III.

 ˙ VI. Regarding the right to specific performance as against Mary E. Collins, if plaintiff is entitled to such relief against the vendor, Robert A. Collins, he is also entitled to such relief as against the sister unless she is an innocent purchaser for value and without notice of plaintiff's rights. 49 Am. Jur. 171, 172, sections 148, 149; 58 C. J. 921, section 86; id. 1135, section 445. See, also, Anders v. Crowl, 210 Iowa 469, 477, 229 N. W. 744; Larson v. Smith, 174 Iowa 619, 626, 156 N. W. 813; Zundelowitz v. Webster, 96 Iowa 587, 591, 65 N. W. 835. Defendants may have evidence to offer upon this issue which will be for the trial court to decide.

VII. As to the issue raised by plaintiff's second amendment to petition that defendants wrongfully shut off the water supply to the premises, we also have only plaintiff's evidence. The lower court should hear any evidence for defendants on this issue, also any rebuttal thereof, and award such relief, if any, as may be warranted.

For further proceedings in harmony with this opinion, the case is—Reversed and remanded.

MANTZ, C. J., and OLIVER, HALE, BLISS, MILLER, WENNERSTRUM, and MULRONEY, JJ., concur.

SMITH, J., takes no part.