## BRANDT v. THE CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY.

1. **Railroad**: DAMAGES FOR KILLING STOCK: PLEADING. In an action before a justice of the peace against a railroad company for double damages for stock killed, under section 6, chapter 169, Laws of 1862, it is not necessary to plead the fact of the notice and affidavit, therein provided for, having been served, in order to make them admissible in evidence on the trial.

2. —— SERVICE. In an action against a railroad company, service of such notice and affidavit may be made upon any station or ticket agent employed in the management of its business.

3. —— PROOF OF SERVICE. Proof of such service may be established by a return of the sheriff through his deputy, indorsed on the notice and affidavit and verified by the officer.

4. —— TENDER. In such action it is to no extent a defense, that the company through its agent, within thirty days of the killing of the stock, in good faith tendered to the plaintiff an amount nearly as large as that found in the action, and which the agent then believed was the full value of the stock. The principle, that a debtor, whether upon contract or for injuries done, is bound at his peril to tender enough to discharge his liability, held to apply.

*Appeal from Johnson District Court.*

WEDNESDAY, DECEMBER 9.

THIS action was originally brought before a justice of the peace to recover double the value (under § 6 of ch. 169 of Laws of 1862) of two calves killed on the railroad of defendant. There was a trial before the justice, and judgment for defendant for costs. The plaintiff appealed to the District Court, where there was a trial to a jury, which resulted in a verdict and judgment for the plaint-

iff, for the sum of fifty dollars. The defendant appeals to this court. The further facts are stated in the opinion.

*Edmonds & Ransom* for the appellant.

*Clarke & Haddock* for the appellee.

COLE, J. — I. On the trial, the plaintiff offered in evidence a notice to the defendant of the killing of the stock,

1. RAILROAD: damages for killing stock: pleading. accompanied by an affidavit of the plaintiff of such killing, and that the value of the stock was thirty dollars; on this notice and affidavit were indorsed, in writing, a return of service thereof upon the defendant, " by reading the same to A. G. Tucker, ticket agent of said company, and by giving him a true copy of the same, as such agent, in Iowa City, Johnson Co., Iowa;" signed " John Wilson, sh'ff, by A. T. McElwain, dep'ty." The return was also sworn to by McElwain, before a notary public; to the introduction of which the defendant objected, because, first, there was nothing in the pleadings or case rendering the same pertinent or relevant, and no averment that the railroad company was not found; and, second, that proof of service cannot be shown by affidavit *ex parte*, and that the evidence was incompetent; but the court overruled the objection and admitted the evidence. The defendant duly excepted, and now assigns such ruling as error.

If it should be conceded, that, in an action for a like cause in the District Court, it would be necessary to plead or state the fact of such notice and affidavit having been served, yet, since the action originated before a justice of the peace, where no petition need be filed, and the notice need only state the cause of action in general terms, the fact that the same was not mentioned in the pleadings or case, would constitute no good ground for excluding them when offered in evidence.

It is provided by section 6, of chapter 169 of the Laws of 1862, that service may be made upon any station or ticket agent employed in the management of its business, etc. ; this obviates the necessity of any return of " not found," as to the company.

2. — service.

As to the proof of service, it appears to have been made by the sheriff of the county, through his deputy, and a return regularly indorsed thereon, as well as the affidavit thereof by the deputy. It seems to this court that either would be good. Rev. §§ 2819 and 646, also §§ 4043 and 4044. There was no error in admitting the notice and affidavit in evidence.

3. — proof of service.

II. The agent of the defendant was early notified of the killing of the stock, and was present at its appraisement by two of the neighbors, shortly thereafter. The two calves were appraised at twenty-five dollars. Within thirty days after the service of the notice of the killing, the agent of the defendant tendered to the plaintiff, twenty-two dollars and fifty cents, and told him he might take it in full for his calves, or in part, as he pleased ; but the plaintiff refused to take it as either, and therefore brought this suit. The defendant pleaded the tender, brought the money into court, and relied upon it in his defense. The jury found the value at twenty-five dollars, and returned a verdict for double that amount.

4. — tender.

· The defendant asked the court to instruct the jury, that if the tender was made and kept good, as claimed, in good faith and upon a reasonable belief that such tender was the full value of the calves, then, although the tender was less, in their judgment, than the true value, the plaintiff would only be entitled to the tender and double the difference of such tender and the value of the calves and interest. This the court refused, and instructed the jury, that the plaintiff was entitled to re-

cover double the value of the calves unless the defendant, within thirty days after service of notice of the killing, etc., paid or tendered their value to the plaintiff. The defendant duly excepted to these instructions, and now assigns the same as error.

A party to whom a sum of money is due, may properly refuse to receive the same in parcels; he has the right to the whole, and the party bound to pay cannot require him to accept a part. 2 Parsons on Cont. 637–646, and notes and authorities cited. So, also, is a debtor, whether upon contract or for injuries resulting from the negligence of railway companies, bound at his peril to tender enough to discharge his whole single liability, and if he does not, he will derive no advantage from his tender. See id.; also *Bacon* v. *Charlton*, 7 Cush. 581; *Boyden* v. *Moore*, 5 Mass. 365. The fact, that the statute under which this action is brought fixes no preliminary tribunal or means for ascertaining the value of the stock killed, presents no reason for a judicial enlargement of the statute by construction, or for exempting this defendant from the ordinary obligation resting upon all debtors, to wit, that of ascertaining at their peril, and tendering the full amount which they justly owe.

Affirmed.