## MARTIN v. WHISLER.

1. **Tender**: ADMISSION OF LIABILITY: COSTS. Where an action is brought upon a cause which has been merged in an award of arbitration, although no recovery could be had thereon, yet if defendant appears and pleads the award, and tenders the amount thereof, he thereby admits that the cause of action still subsists, and his liability thereon to the amount of the tender; and, so admitting, he cannot avoid the payment of the costs made upon the trial. He should have tendered the costs accrued at the time he tendered the amount of the award.

*Appeal from Cass Circuit Court.*

TUESDAY, DECEMBER 11.

THE plaintiff commenced this action before a justice of the peace upon an account, claiming the sum of $78. The defendant denied any indebtedness, and alleged that the subject matter of the suit was submitted to arbitrators, who made an award that defendant should pay plaintiff $45. The defendant tendered this sum, and deposited it in court. The cause was tried to a jury, and verdict was returned and judgment rendered for plaintiff for $65. The plaintiff appealed to the circuit court, and the parties filed therein an agreed statement of facts, in which the plaintiff admitted that he was entitled to recover only the amount of the award and tender. The plaintiff insisted, however, that the defendant should have tendered the costs made in the justice's court to the time of the tender. In the circuit court the only controversy was as to which party was liable for the costs in the justice's court. The court found the plaintiff entitled to judgment for the sum tendered, and the costs made in the justice's court. The defendant appeals.

*L. L. DeLano*, for appellant.

*A. S. Churchill*, for appellee.

DAY, CH. J.—The court certified the question upon which

it is desirable to have the opinion of this court as follows: "Where an action was brought upon a parol contract, which had been merged in the written award of arbitrators, and in which action the defendant in his answer denied the right of plaintiff to sue or recover on the original contract, and plead the award, and deposited the amount thereof, without any costs, in the hands of the justice, on the filing of his answer, which party is liable for the costs made on the trial of the case before the justice?" The defendant insists that the tender was made upon the award, and not upon the cause of action sued upon; that the plaintiff could not have recovered upon the cause of action sued upon, and that, consequently, it was not necessary for the defendant, in order to avoid the payment of costs, to tender the costs accrued at the time of the tender. The defendant, however, made a tender in the action, and thus admitted liability upon the cause of action sued upon, to the extent of the tender. It may be that, if the defendant had relied upon his denial of the plaintiff's cause of action, he could have prevented the plaintiff from recovering thereon. But, having made a tender of a sum which he admits to be due, he should, in order to avoid liability for costs, have tendered the costs which had accrued at the time of the tender. See *Freeman v. Fleming*, 5 Iowa, 460; *Warrington v. Pollard*, 24 Id., 281; *Barnes v. Greene*, 30 Id., 114. Under the facts certified to us by the court below, the defendant is liable for the costs made in the justice's court.

AFFIRMED.