Samuel Simons, Appellant, v. Isaac Petersberger et al.,
Appellees.

**EVIDENCE:** Best and Secondary—Due Diligence to Produce Best Evidence. "The best evidence attainable," while a dominant law of evidence, requires no more than due diligence. After exhausting due diligence to produce the primary, a litigant has a right to use the secondary evidence.

> PRINCIPLE APPLIED: Plaintiff brought action against defendant for damages in writing false and defamatory letters to a client in a foreign state with intent to injure plaintiff's credit. Plaintiff asked for an order for defendant to produce the original letters. Defendant objected, but did not deny possession. Being ordered to produce, he filed three copies. Plaintiff served defendant with notice to produce the originals. Defendant failed to do so. Plaintiff took the deposition of the secretary of the addressee in a foreign state and called for the letters, but was met with evasions and a final refusal. Plaintiff moved for a continuance in order to get the evidence. This was overruled. At trial, defendant was called and denied having the letters. *Held,* the copies were admissible.

**WITNESSES:** Confidential Communications—Letters of Attorney—Client Not Party Defendant. Letters written by defendant, an attorney, to his client, not a party to the action, alleged to be maliciously false and defamatory of plaintiff's credit and business, are not privileged. They cannot be excluded because the client, not a party to the action, has not given his consent.

**TENDER:** Coupling with Condition—Invalidity. A tender, coupled with a condition that it be received "in full settlement," is not a legal tender.

**WITNESSES:** Privileged Communications—Malice—Effect. The element of "malice" will destroy the privileged character which ordinarily attaches to communications between attorney and client. So held in an action by plaintiff against an attorney for writing false and defamatory matters to his client of and concerning plaintiff.

**PLEADING:** Qualifying Denial by "If." It is not allowable to qualify the denial or affirmation of an issuable fact by an "if."

PRINCIPLE APPLIED: Plaintiff brought action against defendant, an attorney, for writing false and defamatory matters of and concerning plaintiff. Defendant pleaded "that all communications, *if any*, that he sent to his said client concerning the plaintiff were true and made by him in the regular course of his duty, etc." *Held* not to constitute an answer and to raise no issue.

*Appeal from Scott District Court.*—HON. WM. THEOPHILUS, Judge.

WEDNESDAY, MARCH 10, 1915.

REHEARING DENIED SATURDAY, OCTOBER 2, 1915.

THE opinion sufficiently states the case.—*Reversed.*

*Sharon & Higgins,* for appellant.

*Lane & Waterman* and *Isaac Petersberger,* for appellees.

WEAVER, J.—Though the Jewelers Board of Trade is named as a defendant in the petition, and counsel for plaintiff appear to argue the case on the theory that the party so named is in court, the record seems to show no service upon it and no appearance in its behalf, and we shall consider the case only as it relates to the issues between the plaintiff and the other two named defendants.

The plaintiff is a retail jeweler in the city of Davenport. The petition is somewhat obscurely stated, but the theory of the case presented by plaintiff seems to be that the defendant Petersberger, an attorney at law in Davenport, falsely and maliciously reported to the Jewelers Board of Trade that plaintiff was in financial straits and that this false and misleading statement was by the Board of Trade sent out to the wholesale dealers in that line of business, thereby injuriously affecting plaintiff's credit and standing as a business man, and that, in the further pursuance of said wrongful purpose to injure plaintiff and to obtain his outstanding bills for collection, Petersberger and the Credit Adjustment Com-

pany, a corporation organized and controlled by him, falsely led plaintiff to believe that they held or controlled practically all his outstanding indebtedness and, by threatening to force him into bankruptcy, induced him to execute an instrument surrendering all his property to the Credit Adjustment Company, and to further pay to said company the sum of $30 in money. It is further alleged that, it being discovered that the said defendants did not have or control the claims of plaintiff's creditors against him, they did not take possession of the property or assert any right therein, but did not and have not yet returned to plaintiff the said sum of $30 received from him. Upon the grounds thus stated, judgment against defendants for damages is demanded.

The Credit Adjustment Company made answer to the petition, denying its allegations and pleading payment of the item of $30. Petersberger, answering for himself, admitted his relation as attorney for the Jewelers Board of Trade, but denied all other allegations of the petition.

Trial was had to a jury and, at the close of the testimony, the court sustained a motion of the defendants for a directed verdict in their favor. To reverse the judgment entered on such verdict, this appeal has been taken.

I. The alleged misrepresentations injuriously affecting plaintiff's credit and business originated, as he claims, in letters written by Petersberger to the Jewelers Board of Trade, an organization having for its object the pro-

1. EVIDENCE: best and secondary: due diligence to produce best evidence.

tection of the interests of wholesale dealers in that line of business. These letters and their contents were, of course, vital to plaintiff's case against Petersberger and the Credit Adjustment Company. To meet that necessity, plaintiff filed a petition for the production of said letters, alleging that they were in the possession or in the control of Petersberger. To this application, Petersberger filed numerous objections, but did not deny his possession and control of the letters. The objections were overruled, and Petersberger was ordered to produce the let-

ters, or copies thereof. Responding to this order he produced and there were filed with the clerk three letters purporting to have been written by himself to the Jewelers Board of Trade at Chicago, Illinois, and at the city of New York, concerning plaintiff's financial condition. The record does not disclose that these documents were offered or designated as copies, but they seem thereafter to be spoken of as such. Before the trial came on, plaintiff served notice on Petersberger to produce the originals, but he did not comply with the demand. Plaintiff also took the deposition in New York of one Stone, the secretary of the Jewelers Board of Trade, for the purpose of securing the production of the letters. The answers of the witness to the interrogatories were of an exceedingly evasive and shifty character and concluded with a refusal or failure to present or account for the correspondence. Thereafter, plaintiff moved the trial court for a continuance, to procure the desired evidence, but the motion was denied. Later, the motion was renewed and again denied. On the trial, plaintiff offered in evidence the letters or copies which Petersberger had produced in obedience to the order of the court, but they were ruled out upon defendant's objections, as not being the best evidence and as being a privileged communication from an attorney to his client. Plaintiff then called Mr. Petersberger to the stand and asked him to produce the original letters of which he had produced copies upon order of the court, and he denied having them then in his possession or under his control. Interrogatories calling for identification and verification of the copies met with like objection and like ruling. The net result of these rulings was to force plaintiff to trial without placing before the jury the letters on which he mainly relied to make out his alleged cause of action.

We think the exclusion of the copies was clearly erroneous and prejudicial. When Mr. Petersberger was ruled to produce the letters, he chose to withhold the originals and presented copies; and later, when called upon to produce the

originals, he denied having them then in his possession, and as they had been written to persons in another state, it is to be presumed that they were not within the jurisdiction of the court. Moreover, plaintiff had made a formal effort to obtain possession of the letters, by taking the deposition of the one person who could have produced the letters or accounted for their whereabouts, and had been met by palpable evasion, culminating in the witness's declaration that, as he had been subpoenaed "individually" and not "as secretary," he was instructed by counsel that he had no right "individually to touch the papers or files of the Jewelers Board of Trade." In our judgment, plaintiff had done all that in law or in reason he was required to do to unearth the letters, and the copies furnished by the defendants themselves should have been admitted in evidence. Certainly, the defendants themselves having furnished the copies, their mouths are closed to question their correctness.

The objection that the letters, being from counsel to a client not in court, were, therefore, confidential matter which the witness could not properly disclose without the client's consent is so manifestly without merit as to require no discussion. It is a fair inference from the record that Petersberger had the original letters in his possession and control when he was ruled to produce them and furnished the copies. If, then, he divested himself of the originals so that he could not produce them when called for, or even if the letters had at all times been in the possession of the addressee in another state, it would be a most unreasonable rule to say that, before the copies furnished by Petersberger himself could be used against him, plaintiff must exhaust the possibility of pursuit of the letters in the hands of an unwilling witness in a foreign jurisdiction. It is a rule we are unwilling to approve or apply. Jones on Evidence (1913 Ed.) Sec. 217, and notes found on page 266 of Vol. 1; *Burton v. Driggs*, 87 U. S. 125; 17 Cyc. 528.

2. WITNESSES: confidential communications: letters of attorney: client not party defendant.

It should not be forgotten that the rules of evidence are intended to facilitate the disclosure of pertinent facts, not their suppression or concealment.

II. That plaintiff paid defendants $30 on a tentative or attempted arrangement for a settlement or composition with creditors, and that such scheme was abandoned and plaintiff became entitled to a return of his money, is conceded; but payment thereof is pleaded. The evidence shows that defendants, or one of them, sent a check to plaintiff for that amount, with a demand or requirement that he sign a release of "all claims of every kind or nature either at law or in equity growing out of contract or tort or otherwise to the date hereof which may be due, owing or claimed by me from either Isaac Petersberger or the Credit Adjustment Company." Receipt of payment on such condition was refused. Four months later, and after this suit was commenced, the Credit Adjustment Company, by Isaac Petersberger, General Counsel, sent to plaintiff by mail another check, with the statement that the payment was "in full settlement of our matters." The check also expressed upon its face to be "In full settlement." Plaintiff by his counsel notified Mr. Petersberger of his refusal to accept the same, objecting thereto because it did not include accrued interest, and gave notice that he would accept the check only as payment on account, and asked to be advised of defendant's desire in that respect. The check has never been cashed or collected by plaintiff. It is an elementary principle of law that an offer of payment upon condition that it be received or accepted in full settlement, or in satisfaction of the creditor's claims against the debtor, is not a valid tender; and a direction against plaintiff on this issue was error. Defendant's claim that the check was accepted and retained by plaintiff without objection is not borne out by the record.

III. Defendants argue that, in any event, there was no actionable defamation of plaintiff's business or his character

3. TENDER: coupling with condition: invalidity.

and standing or credit, and that, in any event, even if other-
wise actionable, the communications called
for by plaintiff were privileged. While, ordi-
narily, communications between attorney and
client, and principal and agent, are privi-
leged, the privilege does not obtain where the statements com-
plained of are malicious. It is possible, and perhaps proba-
ble, that, had defendants courted or permitted a frank and
open exposition to the court and jury of all the pertinent
facts, the claimed privilege would have so clearly appeared
that a directed verdict in their favor would have been inevit-
able. They saw fit to pursue the other course and, by dint
of multitudinous objections at every point, induced the court
—erroneously, we hold—to exclude evidence having a mate-
rial bearing upon the question of malice and good faith,
and we cannot undertake to say what might have been the
apparent merits of the case had plaintiff not been unduly cir-
cumscribed in making his proofs. In this
connection, it is also proper here to say that
the answer of defendant Petersberger, wherein
he alleges "that all communications, *if any,* that he sent to
the Jewelers Board of Trade concerning the plaintiff were
true and made by him in the regular course of his duty as
correspondent for said Board of Trade," constitutes no
answer and raises no issue. Under no system of pleading is
it allowed to qualify the denial or affirmation of an issuable
fact by an "*if.*"

Other errors are assigned and other questions argued
by counsel, but those to which we have already referred are
sufficient to make necessary a reversal of the judgment below,
and we shall not extend the opinion for their discussion.

For the reasons stated, the judgment appealed from is
reversed and the cause remanded for a new trial.—*Reversed.*

DEEMER, C. J., EVANS and PRESTON, JJ., concur.