ISABELLE ALBRIGHT et al. v. LYDIA MOECKLEY et al.

C. FRED CARLSON, Administrator, Appellant, v. HENRY WAGNER, SR., et al., Appellees.

No. 39721.

April 14, 1930.

C. J. Cederquist and Lappen & Carlson, for appellant.

Miller, Kelly, Shuttleworth & McManus, for appellees.

Stevens, J.—On January 23, 1922, Albert Sexauer and others, as plaintiffs, filed a petition in the office of the clerk of the district court of Polk County, praying the partition of certain real property. On February 2, 1923, decree fixing and establishing the interests of the parties in the real property, and further decreeing that the same could not be partitioned in kind, and ordering the sale of the property, was entered. Referees appointed to make the sale filed their final report May 16, 1927, which was followed by the filing of a supplemental final report on August 25, 1927. The report and supple-

mental report of the referees, which showed distribution of the proceeds of the sale, were approved by the court, and they were discharged and their bond exonerated.

Albert Sexauer died intestate in Dallas County, January 19, 1926. C. Fred Carlson was appointed and qualified as administrator of his estate, February 17, 1926. The application to vacate and set aside the approval of the order of distribution to Albert Sexauer was filed by the administrator June 8, 1928, in the partition action.

It is alleged in the application that the amount due the estate of Albert Sexauer as his share of the proceeds of the sale of the real property was never paid to the administrator of his estate, but that same was paid to and received by Emma Sexauer, his surviving widow. The application further recites that the same was filed immediately after the applicant learned of the interest of his decedent in the funds in the hands of the referees. Issues were joined upon the application by the referees, who admitted the sale of the real estate, the receipt of the purchase price, and that Albert Sexauer was entitled to receive therefrom $1,486.68, and averred that a check drawn payable to the estate of Albert Sexauer was delivered by the referees to the attorney for the plaintiff in the partition action, and that same was paid to said attorney or to Emma Sexauer by the bank on which the same was drawn. The check offered in evidence shows indorsement on the back, ''Estate of Albert Sexauer,'' by Emma Sexauer and by the attorney for the plaintiff in the partition action. The administrator of the Sexauer estate was not made a party by substitution or otherwise in the partition suit. Administration of his estate is being had in Dallas County. Both the referees and the attorney to whom the check was delivered knew of the decease of Albert Sexauer.

The point is made in argument in this court that the application to set aside the final and supplemental reports of the referees is not timely, either as a motion or as an original action to set aside a judgment. So far as the record shows, the form of the action was attacked in no way, nor was any question raised as to whether it was timely. The application was filed within one year, but not at the term at which the order was entered, and none of the statutory grounds in an

action to vacate or modify a judgment are stated in the application. The relief sought is, however, clearly stated. Although the case is triable *de novo* in this court, review must be of the record as it was presented to the trial court.

It is also alleged by appellee that the bank which paid the check upon an improper and inadequate indorsement is liable to the administrator for the amount of such check. Whether this is true or not, it constitutes no defense to this proceeding, and is quite immaterial at this point.

It is also argued by counsel for appellee that, as the attorney to whom the check was delivered was the attorney of record in the partition action for Albert Sexauer, his authority to receive payment will be presumed. If Albert Sexauer were living, this contention would be sound; but surely it cannot be presumed that the attorney who brought the action for him had, by reason of that employment, authority to represent the administrator of his estate. There is no claim in the record that the attorney pretended to have such authority, and he frankly admitted upon the trial that he not only did not have authority to represent the administrator, but that he did not know who that officer was.

The real and vital question in the case is: Was it sufficient to relieve the appellees of liability that the check was drawn payable to the estate of Albert Sexauer? Manifestly, there was no such person. The sole representative of the estate of the deceased was and is the administrator. He, or his agent, was alone entitled to receive the check. No doubt, the transaction throughout was in absolute good faith. There is nothing in the record to indicate the contrary, but it was the duty of the referees to make distribution only to the parties entitled thereto. If they chose to employ a third party as their agent or instrumentality to effectuate distribution, they are bound for the faithful performance of his obligation. The check was not drawn payable to the administrator of the estate of Albert Sexauer, nor does it appear that anyone connected with the transaction knew who he was. A receipt was given to appellees for the check in question. The record does not disclose the exact form of the signature attached thereto.

We assume from the testimony that it was signed only by the attorney to whom it was delivered. The duty of appellees to pay the amount due the estate of Albert Sexauer to the person entitled thereto was as absolute as it was to pay it to living distributees. This is elementary, and needs no citation of authority. The record shows that the proceeds were turned over to Emma Sexauer, who, if all the claims against the estate of her deceased husband and the costs of administration were paid, would be entitled thereto. No other persons have any interest therein. The record shows that there are unpaid claims, so that the right of appellant to claim the fund is not a mere technical one, but it is his duty to recover the same, if possible, to the extent that same may be necessary to pay the claims of creditors and the costs of administration. The application to vacate and set aside the order of approval of distribution to the extent indicated should have been sustained.

The judgment must be reversed, and the order of distribution set aside.—*Modified and remanded.*

All the justices concur.