R. J. SWANSON, referee in partition in Case No. 13919, appellee, v. MILTON V. BALDWIN, appellant.

No. 49616.

(Reported in 93 N.W.2d 740)

DECEMBER 16, 1958.

Stipe, Davidson & Hemphill, of Clarinda, for appellant.

Charles A. Reese and Richards & Richards, all of Red Oak, for appellee.

GARFIELD, C. J.—This is a sequel to Swanson v. Baldwin, 249 Iowa 19, 85 N.W.2d 576, which states the basic facts of the controversy. Our decision there is of course the law of the case here and is not questioned.

Plaintiff-vendor, a referee in partition, brought suit for specific performance of a land sale contract to compel defendant-purchaser to pay the rest of the purchase price for certain farm land. Defendant pleaded a counterclaim for damages arising out of a deficiency in acreage and, as alleged, apparently in quality of the land plaintiff is able to convey, due to a mistake in setting out the stakes marking the boundaries of the tract. We held defendant could not recover on his counterclaim but remanded the case with leave to him to claim an abatement in the purchase price in proportion to the deficiency in acreage or to rescind the contract and recover his initial payment of $550.

Upon remand defendant elected to claim an abatement in the price because of the deficiency in acreage. After trial of this issue the court held there is a deficiency of 2.91 acres for which defendant is entitled to a reduction of $237.63 in the purchase price and rendered judgment for plaintiff for $4712.37 with interest at five per cent from August 29, 1956, when the action was commenced, and for costs. The principal amount of the judgment was arrived at by deducting the initial payment of $550 and the $237.63, allowed because of the deficiency, from the agreed price of $5500.

Defendant-appellant does not challenge the holding as to the extent of deficiency in acreage or the principal amount of the judgment. He complains here, however, he was erroneously charged with interest on the amount of the judgment and with costs. Liability of defendant for interest on the purchase price was an issue raised by the pleadings filed after our remand of the case. Much of the arguments here deals with the propriety of the tender by defendant and whether, as the trial court held, it was conditional.

The tender referred to was made in the prayer to defendant's amended and substituted answer (filed December 4, 1956) to plaintiff's petition. It reads: "defendant tenders into this court $4950 as good faith payment of the balance of the purchase price of said contract, to be held until disposition of this suit and upon abstract examination and compliance therewith, and asks the court to release said tender as it sees fit, subject to any set-off allowed in the accompanying counterclaim."

The contract, made September 21, 1955, provides that within seventy-five days plaintiff would deliver the abstract, extended to date, to defendant to be examined by an attorney, and plaintiff would meet all reasonable objections by the attorney necessary to perfect the title.

The counterclaim attached to the amended and substituted answer claimed damages of $1195.90 without itemizing them. Ten days after the remaining issues were submitted to the trial court defendant filed a motion to amend his pleadings "to conform to the proof" by reducing his claim for damages to $460.33. As stated, the trial court reduced the purchase price by $237.63 due to the deficiency in acreage.

There is little doubt defendant would be liable for the interest and costs adjudged against him if it were not for the tender made by him in his amended answer. The controlling question therefore seems to be whether this tender was sufficient to relieve defendant from such liability.

Section 538.6, Code, 1958, provides, subject to a condition not applicable here, "An offer in writing to pay a particular sum of money, * * * if not accepted, is equivalent to the actual tender of the money, * * *."

It is the general rule that a lawful, bona fide tender stops the accrual of further interest. 55 Am. Jur., Vendor and Purchaser, section 352; 52 Am. Jur., Tender, section 39. See also 86 C. J. S., Tender, section 50, page 581; Mitchell v. Mutch, 189 Iowa 1150, 1153, 179 N.W. 440; Steckel v. Selix, 198 Iowa 339, 347, 197 N.W. 918; Dee v. Collins, 235 Iowa 22, 26, 15 N.W.2d 883, 886.

However, a tender, to be effective, must generally be absolute and unconditional. Schwab v. Roberts, 220 Iowa 958, 970, 263 N.W. 19, and citations; Miller v. Merritt, 233 Iowa 230, 237, 8 N.W.2d 726, 730.

"A tender accompanied with some condition * * * which the tenderer has no right to make * * * is invalid; * * *." 86 C. J. S., Tender, section 32a.

"It is the universal rule that a tender upon condition for which there is no foundation in the contractual relation between the parties is ineffective * * *. * * * But where the condition is one which the debtor has the right to insist on, a tender made subject to that condition is valid." 52 Am. Jur., Tender, section 24.

See also Simons v. Petersberger, 171 Iowa 564, 569, 151 N.W. 392; West v. Farmers Mutual Ins. Co., 117 Iowa 147, 151, 152, 90 N.W. 523.

We agree with the trial court that defendant's tender was made upon a condition he had no right to attach thereto and therefore did not stop the running of interest. The money was "to be held until disposition of this suit * * * subject to any set-off allowed in the accompanying counterclaim." The money was not made available to plaintiff and he derived no benefit from the tender until the action—including the counter-

claim—was disposed of. On principle the case is somewhat like Simons v. Petersberger, West v. Farmers Mutual Ins. Co., both cited last above, and Brandt v. Chicago, R. I. & P. R. Co., 26 Iowa 114, 117.

■ 86 C. J. S., Tender, section 10, states: "Unless the objection is waived, a legal tender cannot be made of the difference between the amount of an obligation for the payment of money and an offset, particularly where the counter demand is unlawful."

We need not consider what our decision upon the question of interest would be if defendant were entitled to recover upon his counterclaim.

Defendant claims some benefit from the fact his tender was of $4950 while the court entered judgment for only $4712.37 with interest and costs. This circumstance does not aid defendant. The amount tendered was sufficient but the condition attached to the offer made it ineffective.

We have referred to the provision of the contract regarding delivery of abstract of title within seventy-five days and plaintiff's meeting objections thereto. Plaintiff did not deliver the abstract within the 75-day period nor until about one month before he commenced his action. We think, however, this delay does not entitle defendant to any relief here.

■ Plaintiff's petition alleges he tendered an abstract showing merchantable title but defendant refused to accept it. Defendant did not deny this allegation and therefore it is deemed admitted. Rule 102, Rules of Civil Procedure; Halverson v. Hageman, 249 Iowa 1381, 1385, 1386, 92 N.W.2d 569, 572, and citations. It is not claimed refusal of the abstract was based upon delay in furnishing it. Defendant is not in position to raise this objection now. Blunt v. Wentland, 250 Iowa 607, 614, 615, 93 N.W.2d 735, 739, and citations.

Further, defendant apparently acquiesced in the delay in furnishing the abstract and made no attempt to terminate it. See Bates v. Citizens & Southern Natl. Bk., 223 Iowa 385, 389, 390, 272 N.W. 412; Weiser v. Rowe, 185 Iowa 501, 502, 170 N.W. 753, and citations.

■ We may assume defendant has had possession of the land in question at least since March 1, 1956, when the contract

provides therefor. As stated, plaintiff's action for specific performance was commenced August 29, 1956, and defendant is charged with interest from that date.

A vendee in possession is chargeable with interest on the unpaid portion of the purchase price from the time he took possession under the contract even though the vendor's title may have been defective. Interest is allowed under such circumstances to compensate for the vendee's use of the property. Dee v. Collins, supra, 235 Iowa 22, 26, 15 N.W.2d 883, 886, and citations. Since plaintiff has not appealed, of course he is not entitled to interest from a date earlier than the trial court fixed.

We are not disposed to disturb the trial court's assessment of costs to defendant. Defendant did not tender the costs accrued to the time of tender. In order to avoid liability for costs this should have been done. Martin v. Whisler, 62 Iowa 416, 17 N.W. 593, and citations; Means v. Incorporated City of Boone, 214 Iowa 948, 951, 241 N.W. 671; 86 C. J. S., Tender, section 8b, page 563; 14 Am. Jur., Costs, section 18.

Since defendant secured a reduction in the purchase price due to the deficiency in acreage, perhaps the costs incurred upon this issue should have been taxed to plaintiff. The record does not show what part of the costs would be taxable to plaintiff upon this theory, nor does defendant suggest in argument the taxation of only part of the costs to plaintiff. Apparently the decree from which defendant appealed is based largely upon the pleadings. At least the record contains no evidence. Costs incurred upon the issue of abatement in price are evidently small.—Affirmed.

All JUSTICES concur.