LUCILE BRUCKSHAW, individually and as trustee of the C. A. Farrington Residuary Trust, et al., plaintiffs-appellees, v. APPANOOSE COUNTY TELEPHONE COMPANY et al., appellees, D. J. NEALE, SR., also known as D. J. NEALE and DORY JACOB NEALE, SR., appellant; JOHN BRUCKSHAW, IOWA-DES MOINES NATIONAL BANK, acting trustee of the C. A. Farrington Residuary Trust, BERTEL T. MALMQUIST et al., intervenors-appellees.

No. 50189.

(Reported in 109 N.W.2d 615)

JUNE 13, 1961.

Johnston & Miles, of Corydon, for appellant.

Hirschburg, Reynolds, Gilchrist & Nutty, of Ames, Valentine, Greenleaf & Griffing, of Centerville, A. V. Hass, of Chariton, Jones, White & Johnson, of Ottumwa, Alfred M. Pabst, of Albia, and Milani & Milani, of Centerville, for appellees.

THORNTON, J.—The principal cause of action involved in this case is a stockholders' derivative action to test the legality of certain transactions of the officers of the Appanoose County Telephone Company. The appellant, D. J. Neale, Sr., was one of the officers. The actual question presented for review. is a narrow one. It is, under the record, were the intervenors Bertel T. Malmquist and LeRoy T. Carlson or the Iowa-Des Moines National Bank, trustee, entitled to a decree holding as a conclusion of law that the issuance of certain shares of stock "* * * should be declared null and void as of the date of the issue thereof for the reasons that the issuance of said stock was in violation of the laws of the State of Iowa, and was for an inadequate and insufficient consideration and constituted constructive fraud upon said telephone company and its then other stockholders of record, and that the same should be cancelled as of the date of issue thereof; * * *"?

Appellant directs his attack to the question just stated but in concluding his brief and argument apparently asks the entire case be reversed. As will be pointed out he is only entitled to a

modification of the decree as to the features of the derivative action stated.

To answer the question presented, it is necessary to determine the state of the record at the time the decree was entered. This determination is not rendered any easier by a record of 637 pages, over half of which have no bearing whatsoever on the issue to be decided. Attention is directed to rule 340, Rules of Civil Procedure, and particularly to (e) thereof.

I. In the various pleadings three causes of action were stated. First, the derivative action by plaintiff stockholders Lucile Bruckshaw and John Bruckshaw, pleading the stock transactions and other mismanagement. This action was joined by the intervenors John Bruckshaw, one of plaintiffs, and Susan V. Hixenbaugh, beneficiaries under the C. A. Farrington Residuary Trust and by intervenor Iowa-Des Moines National Bank as trustee of the Farrington Trust. The bank, as trustee, in its petition of intervention, also asked relief adverse to plaintiffs. Second, the bank, as trustee, by way of amendment to its petition of intervention pleaded a cause of action against the former trustees, Lucile Bruckshaw and John S. Farrington, and the Appanoose County Telephone Company for trust real estate conveyed by the former trustees to said company. And third, the intervenors Malmquist and Carlson pleaded a settlement of the first two actions and added claims against defendant Neale, appellant here, arising out of their stock purchase contract, these claims were continued for future disposition by the decree. In their petition, intervenors Malmquist and Carlson set out a complete review of the transactions involved in the derivative action and that they, Malmquist and Carlson, had purchased all of the outstanding stock of the Appanoose County Telephone Company, that full and complete releases had been exchanged by all parties to the derivative action and they, themselves, had given appellant a hold-harmless agreement as to all matters arising out of such action. They also pleaded facts showing the stock, 1800 shares, cancelled in the decree had been transferred to them and they had agreed as part of their amended and substituted proposal to purchase from the Farrington Trust to surrender such stock for cancellation. They pleaded in paragraph

35 of their petition that they had complied with such proposal to purchase.

The parties, other than appellant, Neale, did not plead to the petition of intervention of Malmquist and Carlson. Neale filed an answer, later amended it twice. The case was set for trial by order of court for 10:00 a.m. on September 2, 1959. From the record no actual trial took place. The decree recites, "* * * this cause was submitted to the Court upon the pleadings filed therein, the evidence offered at the hearing on the issue as to appointment of a receiver in said cause as submitted to this Court on December 2-4, 1958, * * *." Before this decree was signed on September 4, 1959, the appellant filed a motion to dismiss setting up the releases and hold-harmless agreements from all parties. The court's calendar entry on that date shows the motion to dismiss was overruled and the decree signed.

At the time the decree was signed, we think it is clear there was no issue left for trial as to the first cause of action, the derivative action. The petition of intervention of Malmquist and Carlson pleaded a completed settlement by all parties, this stood undenied by plaintiffs Lucile Bruckshaw and John Bruckshaw, by intervenors John Bruckshaw and Susan V. Hixenbaugh, by the intervenor bank as trustee, and by both of the defendant telephone companies, and as to them was admitted. Rule 102, Rules of Civil Procedure. Swanson v. Baldwin, 250 Iowa 342, 346, 93 N.W.2d 740, 743. And it was admitted by appellant's motion to dismiss. If we were to consider the evidence submitted in the hearing on the appointment of the receiver there is nothing there to defeat the full settlement of the derivative action. This action should have been dismissed without findings of fact or conclusions of law other than the action was settled and therefore dismissed, except if the dismissal of the action was subject to court approval under rule 45, Rules of Civil Procedure, as claimed by appellees. That rule 45 is inapplicable here is pointed out in a subsequent division hereof.

II. The appellees frankly state in their brief and argument that at the time the case was called for trial all issues had been resolved except those between Malmquist and Carlson and

appellant arising on the contract between them, and "* * * except for the final decree of this cause by the trial court upon the insistence of the trustee-appellee that a decree be entered upon the Petition of Intervention of the trustee-appellee definitely setting aside the property transactions involving trust property as heretofore described in this statement from the point of inception of each of said transactions." Page 21, Appellees' Brief and Argument.

Insofar as the phrase "the property transactions involving trust property" relates to the 1800 shares of stock, the trustee, with court approval, had contracted away its right to have the transactions set aside from their inception. In paragraph (i) of the amended and substituted offer to purchase 945 shares of stock presented to the trustee and approved in the probate court, the trustee agreed to "waive, cancel and fully release any and all claims of every nature, kind and character and shall dismiss with prejudice, all pending litigation to which it is a party and to the extent of its interest therein, against the Appanoose County Telephone Company, the Appanoose County Rural Telephone Company, D. J. Neale, Sr., and John S. Farrington both individually and as trustee, arising out of the administration of said Residuary Trust or incident in any way to the ownership of said 945 shares of stock." In paragraphs (k), (l) and (m) the intervenors Malmquist and Carlson agreed to deliver the 1800 shares of stock for cancellation to the Appanoose County Telephone Company and in consideration thereof the trustee was to deliver to appellant certain stock of the Neale Construction Company and to John S. Farrington and Lucile Bruckshaw their notes. In paragraph (1) of the contract between Malmquist and Carlson and the trustee the provisions of the amended and substituted offer were carried over into the contract and the paragraphs above referred to were in no way modified. This contract was also approved in the probate court.

This contract, when dealing with the real estate, enlarged the provisions of the offer which did not refer to restoring the trustee to the status of owner as of the date of the conveyance to the telephone company by providing in paragraph 3 that to

so restore the trustee the telephone company shall pay the trustee $600.10.

The offer, contract and court approval were set forth in extenso in the petition of intervention of Malmquist and Carlson.

III. The situation relative to the real estate transferred by the former trustees to the Appanoose County Telephone Company is not similar. The only party to plead to this cause of action was one of the former trustees, John S. Farrington. His petition admitted all of the petition of intervention except that he conspired with appellant, which was denied, and he denied for lack of information that the transfer was fraudulent and void. Appellant and the telephone company as well as plaintiff Lucile Bruckshaw were in default. The settlement returning this real estate to the trust as pleaded by Malmquist and Carlson, intervenors, does not involve the appellant. The release or hold-harmless agreement signed and delivered by the bank as trustee does not reach this transfer of real estate. The bank at all times was insisting and negotiating for the return of this real estate. The cause of action for the return of the real estate could have been maintained without the appellant being made a party thereto. Under the record the appellant was not entitled to a dismissal of this cause of action.

IV. To sustain the decree of the trial court appellees urge that this action is a class action and cannot be compromised or dismissed under rule 45, Rules of Civil Procedure, without approval of the court and that the court here was in fact prescribing the terms of dismissal which it would approve. It is not necessary to decide whether or not this is a true class action. See 42 Iowa Law Review 568. It is a derivative suit, brought by stockholders for the benefit of the corporation and rule 45 would apparently apply in the case of absentee stockholders. 42 Iowa Law Review 576. In the author's comment to rule 45 at page 292 of 1 Cook, Iowa Rules of Civil Procedure, Rev. Ed., is this statement:

"The object of the Rules 45, 46 and 47 is to see to it that in a class action, members of the class not before the court are protected at every stage of the proceedings."

Our attention has not been directed to a case with an

identical situation as to the ownership of the stock. Here we have the intervenors Malmquist and Carlson purchasing all of the outstanding stock. The individual stockholders sold their stock, and the Farrington Trust with court approval, after a hearing at which all interested beneficiaries, both present and future, were represented, has sold its stock, all to Malmquist and Carlson. These facts, together with the settlement of all other cross-claims, appeared on the face of the petition of intervention of Malmquist and Carlson. Outside of the security interest of the Farrington Trust for the balance due on the stock sold by it, Malmquist and Carlson were the only ones financially interested. The trust by its contract had three members on the five-man board of directors to protect its security interest. There were no absentee stockholders, the future or contingent beneficiaries of the Farrington Trust were not such. Their interests were determined in the probate proceeding approving the sale by the trustee.

We have examined closely each of the authorities cited by the appellees and we do not find anything stating the object of rule 45 or of Federal rule 23(c), 28 U. S. C. A. 146, to be other than as stated in the author's comment, 1 Cook, Iowa Rules of Civil Procedure, Rev. Ed., 292. In 3 Moore's Federal Practice, pages 3555–3557, cited by appellees is this statement, "* * * For the same reason that other types of true class actions, once brought cannot be dismissed to the prejudice of *absentee parties,* derivative suits are subject to dismissal only if there is no meritorious objection from the other stockholders * * *." (Emphasis added.) And in Cohen v. Young, 6 Cir., 127 F.2d 721, 725, is this statement, "* * * Conceding that in these class suits the plaintiff stockholder who bears the expense and burden of litigation should be permitted to discontinue if by so doing he does not prejudice the corporate right and the rights of other stockholders, the derivative nature of the claims requires that the compromise approved be adequate and fair to all concerned."

In addition, rule 45 as well as Federal rule 23(c) provides for notice to interested parties not before the court.

We see no escape from holding the object of rule

45 is as stated by Cook, supra, "to see to it that in a class action, members of the class not before the court are protected at every stage of the proceedings." And when as here the class has dwindled to two, apparently acting jointly, who have settled with all others interested, the reason for the rule fails and it is inapplicable.

V. The appellees have filed a motion for correction or addition to the record by affidavit. This motion is resisted and has been ordered submitted with the case. The motion is overruled. In Rasmussen v. Rasmussen, 252 Iowa 414, 425, 107 N.W.2d 114, 120, in speaking of affidavits filed in this court, we said:

"* * * With reference to these affidavits we may say that although the case is triable here de novo, review must be of the record presented to the trial court. Albright v. Moeckley, 209 Iowa 1304, 1307, 230 N.W. 351. See also State v. Metcalfe, 204 Iowa 123, 126, 214 N.W. 874; 4A C. J. S., Appeal and Error, sections 1206, 1209."

VI. Under the record as presented to the trial court no relief could be granted in the derivative action of plaintiffs and intervenors, the findings of fact and conclusions of law relating thereto were unnecessary and improper. The decree of the trial court is hereby modified by striking therefrom paragraphs (2), (3), (4), (5), (6) and (7) of the findings of fact, paragraphs (1), (2) and (3) of the conclusions of law and paragraphs (1), (2) and (3) of the decretal portion thereof. and in all other respects the decree is affirmed.

This appeal, as shown by appellees' brief and argument, has been resisted only by Bertel T. Malmquist and LeRoy T. Carlson, intervenors, and Iowa-Des Moines National Bank, as trustee of the C. A. Farrington Residuary Trust, intervenor; the costs of the appeal are therefore taxed one fourth against Bertel T. Malmquist, one fourth against LeRoy T. Carlson and one half against Iowa-Des Moines National Bank as such trustee.—Modified and affirmed.

All JUSTICES concur.